Bradford D. Conover
Conover Law Offices
Attorneys for Plaintiff
75 Rockefeller Plaza (20th Floor)
New York, NY  10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LANA ARUS,

                Plaintiff,

                                                Case Nº 08 CV 3899 (Griesa, J.)

  -against-

COLE SYSTEMS ASSOCIATES, INC.,
IVAN COLE, AL MARTINEZ,
and ROSS RIVIERE

                Defendants.

-------------------------------------------------------------------x

## COMPLAINT

Plaintiff, Lana Arus, by her attorneys, Conover Law Offices, for her complaint against Defendants, Cole Systems Associates, Inc., Ivan Cole, Al Martinez, and Ross Riviere (collectively "defendants") respectfully alleges as follows:

## NATURE OF ACTION

1.      This is an action for damages against defendants for gender discrimination, pregnancy discrimination, disability discrimination and retaliation in violation of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*, as amended in 1972 and 1991 ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, ("ADA"); and the Human Rights Law of the City of New York of 1991, §§8-107 and 502 *et seq.*, ("HRL"); and for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2615.

## JURISDICTION AND VENUE

2.The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. § 1343; 29 U.S.C. § 2617; and 42 U.S.C. §§ 2000(e) - 5(f) and (g).  The Court's pendent jurisdiction is invoked for the claims arising under state statutory and common law.

3.Venue in this Court is proper in that defendants maintain offices in this District.

## ADMINISTRATIVE PROCEEDINGS

4.On or about March 9, 2006, more than 180 days ago, plaintiff, Lana Arus, filed a timely charge alleging gender, pregnancy and disability discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC").

5.On or about February 19, 2008, the EEOC determined that there was probable cause to believe that Arus was terminated because of her gender and pregnancy status. A Notice of Right-to-Sue Letter from the EEOC was received by the plaintiff within the last 90 days and a copy of this Complaint was served on the Commissioner of Human Rights, City of New York.

## PARTIES

6. Plaintiff, Lana Arus ("Arus" or "plaintiff"), is a female citizen of the United States and, at all times relevant, resides and resided in the County of Kings and State of New York and was an "employee" as defined by the Title VII, ADA and FMLA.

7.At all times relevant, defendant, Cole Systems Associates Inc. ("Cole Systems"), is and was a domestic corporation with a principal place of business located at 174 Hudson St., New York, New York 10013; employed more than 50 employees; and was an "employer" as defined by the Title VII, ADA and FMLA.

8. At all times relevant, defendant, Ivan Cole ("Cole"), resides and resided in the State of New York and was employed as President at Cole Systems.

9. At all times relevant, defendant, Al Martinez ("Martinez"), resides and resided in the State of New York and was employed as a Manager at Cole Systems.

10. At all times relevant, defendant, Ross Riviere ("Riviere"), resides and resided in the State of New York and was employed as a Human Resource Manager at Cole Systems.

## FACTS

11. On or about May 24, 2004, Arus was hired as a Quality Assurance employee in the Programming Department of Cole Systems Associates, Inc. ("Cole Systems").

12. At all times relevant, Arus reported to defendant, Martinez, her supervisor in the Programming Department.

13. At all relevant times, Arus' job performance was always satisfactory or better.

14. On or about June 6, 2005, Arus informed her manager, Martinez, that, because of complications from her pregnancy, her doctor had instructed her to remain home in bed.

15. Martinez approved Arus' request for sick time for the upcoming week and advised Arus to get back to him after her next doctor's appointment, which occurred on June 14, 2005.

16. On or about June 16, 2005, Arus advised Martinez that her doctor instructed her to remain in bed, and Martinez advised Arus that she could work from home, if needed, and, again, asked Arus to report back to him in one week.

17. On or about June 20, 2005, Martinez called Arus and requested a doctor's note.

18. On or about June 21, 2005, Arus faxed Martinez a note from her doctor, Amos Grunebaum, M.D., Director of Clinical Maternal-Fetal Medicine at the New York Presbyterian

Hospital, stating: "Please be advised that Ms. Arus, Lana, is an obstetrical patient of mine. Due to complications on her medical condition at this time, I have placed her on bedrest for 6/5/05 thru 6/6/05. I will reevaluate her condition at regular intervals and advised accordingly. If you require any further information, please contact my office. Thank you."

19. On or about June 21, 2005, Martinez confirmed receipt of Dr. Grunebaum's note directing Arus' continued bedrest until July 6, 2005.

20. On or about June 22, 2005, Martinez called Arus and voiced his concerns about her pregnancy and related medical complications and advised Arus that he would be conferring with others at Cole Systems and that he would report back to Arus.

21. On or about June 24, 2005, defendant, Riviere, Cole Systems' Human Resources Manager, called Arus at which time Arus inquired about family and medical leave and/or short term disability leave as provided in Cole Systems Employee Handbook

22. During the June 24, 2005 telephone call, Riviere advised Arus that neither short disability nor family medical leave would be available "in [her] case"; Cole Systems had decided to "move forward without" her; and a termination letter would be sent to her that day.

23. By letter dated July 8, 2005, Arus received a COBRA notice from Riviere stating that her employment with Cole Systems had been terminated on June 3, 2005.

24. Although Arus had not elected continued medical insurance coverage through COBRA, Riviere, by letter dated August 18, 2005, demanded that Arus pay Cole Systems $3,991.34 to cover health insurance premiums from June 1, 2005 through September 30, 2005.

25. Defendants failed to provide Arus with an explanation for her termination of employment.

26. More than five months after Arus' termination of employment and after Arus asserted a claim of gender, pregnancy and disability discrimination against Cole Systems, Cole Systems, through its attorney's letter dated November 5, 2005, alleged that Arus had been terminated for "abandoning" her job.

27. Cole Systems' belated allegation that Arus "abandoned" her job is a pretext for discrimination on the basis of her gender, pregnancy and disability.

28. Cole Systems failed to advise Arus of her rights under the FMLA and failed to afford Arus short term disability or the medical leave mandated by the FMLA and as expressly provided in Cole Systems' Employee Handbook.

29. Plaintiff's doctor, Amos Grunebaum, M.D., has subsequently certified that plaintiff suffered from severe Hyperemesis Gravidarum, a serious complication of pregnancy that prevented her from carrying out her normal daily activities.

30. As a result of the above violations, plaintiff suffered a loss of the salary and the benefits that would have been afforded her, but for the discrimination, and suffered extreme emotional distress.

31. Each of the individual defendants, Cole, Martinez, and Riviere, participated in the discriminatory conduct; approved the termination of Arus' employment; and/or occupied supervisory positions with the power over plaintiff to do more than carry out personnel decisions made by others.

32. During the period of plaintiff's employment, defendants willfully condoned and encouraged a policy and practice of discriminating against plaintiff on the basis of her gender, pregnancy, and disability; willfully subjected plaintiff to a hostile work environment; willfully

failed to provide plaintiff with an adequate means of complaint and redress; willfully failed to provide plaintiff with notice of her rights to take family medical leave; terminated plaintiff in willful violation of Title VII, the ADA and FMLA; willfully retaliated against plaintiff for asserting her rights and/or defendant's conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others.

**FIRST CLAIM FOR RELIEF**
**AGAINST COLE SYSTEMS, TITLE VII**

33.     Plaintiff repeats and re-alleges the allegations in paragraphs 1- 32 as if fully set forth herein.

34.     By reason of the foregoing, plaintiff, because of her gender, sex and pregnancy, was denied terms and conditions of employment; was subject to a hostile environment; was subject to retaliation; and was terminated discharged by defendant, Cole Systems, in violation of Title VII.

35.     As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

**SECOND CLAIM FOR RELIEF**
**AGAINST COLE SYSTEMS, ADA**

36.     Plaintiff repeats and re-alleges the allegations in paragraphs 1- 35 as if fully set forth herein.

37.     By reason of the foregoing, plaintiff, because of her disability, was discriminated against, subjected to a hostile environment and terminated by defendant, Cole Systems, in

violation of the ADA.

38. As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

### THIRD CLAIM FOR RELIEF
### AGAINST COLE SYSTEMS, COLE, MARTINEZ AND RIVIERA, HRL § 8-501

39. Plaintiff repeats and re-alleges the allegations in paragraphs 1- 38 as if fully set forth herein.

40. By reason of the foregoing, plaintiff, because of her gender, pregnancy, and disability was denied terms and conditions of employment; was subject to a hostile environment; was subject to retaliation; and was terminated by the defendants in violation of HRL § 8-501.

41. Individual defendants, Martinez and Riviera, participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of HRL §§ 8-107 and 502 *et seq*.

42. As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

### FOURTH CLAIM FOR RELIEF
### AGAINST COLE SYSTEMS, FMLA

43. Plaintiff repeats and re-alleges the allegations in paragraphs 1- 42 as if fully set forth herein.

44. By reason of the foregoing, defendant, Cole Systems, failed to adequately apprise

plaintiff of her rights under the FMLA; refused to grant plaintiff leave on account of her serious medical condition; and was terminated by defendant, Cole Systems, in violation of the FMLA.

    45.    As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

    **WHEREFORE**, plaintiff respectfully requests that the Court enter judgment In plaintiff's favor and against defendants:

    A.    On the first claim for relief, for lost earnings, compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

    B.    On the second claim for relief, for lost earnings and compensatory damages for emotional distress and punitive damages in amounts to be determined by the trier of fact plus attorneys fees costs and interest.

    C.    On the third claim for relief, for lost earnings, compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

    D.    On the fourth claim for relief, for lost earnings, compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

    E.    On all claims for relief, injunctive and equitable relief including reinstatement and such other, further and different relief as the Court may deem just and equitable.

**PLAINTIFF HEREBY DEMANDS TRIAL
BY JURY ON ALL CLAIMS FOR RELIEF**

Dated:  New York, New York
        April 23, 2008

                                                 CONOVER LAW OFFICES
                                                 Attorneys for Plaintiff

                                                 By:     ____/s_____
                                                          Bradford D. Conover (BC-7224)
                                                          A Member of the Firm
                                                          75 Rockefeller Plaza (20th Fl.)
                                                          New York, NY  10019
                                                          (212) 588-9080