UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

LANA ARUS,

                              Plaintiff,

      -against-

COLE SYSTEMS ASSOCIATES, INC., IVAN COLE,
AL MARTINEZ, and ROSS RIVIERE,

                              Defendants.
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**08 CV 3899 (TPG)**

**ANSWER**

Defendants Cole Systems Associates, Inc., Ivan Cole, and Ross Riviere, through their attorney, Peter M. Levine, for their Answer to the Complaint, state:

      1.      Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 1.

      2.      Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 2.

      3.      Deny each and every allegation contained in paragraph 3, except admit that Cole Systems Associates, Inc. maintains its principal place of business at 174 Hudson Street, New York, New York 10013 and that Ivan Cole and Ross Riviere, each an employee of Cole Systems, has an office at that location.

      4.      Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 4.

      5.      Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 5.

      6.      Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 6.

7.     Deny each and every allegation contained in paragraph 7, except admit that Cole Systems is a New York corporation with its principal place of business at 174 Hudson Street, New York, New York 10013.

8.     Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 8, except admit that Ivan Cole is the president of Cole Systems and maintains a residence in the State of New York.

9.     Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 9, except admit that Al Martinez was once employed by Cole Systems and also admit upon information and belief, that while so employed maintained a residence in the State of New York.

10.     Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 10, except admit that Ross Riviere is employed by Cole Systems as the Human Resources Manager and maintains a residence in the State of New York.

11.     Admit the allegations in paragraph 11.

12.     Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 12, except admit that while Lana Arus was employed by Cole Systems Al Martinez was her immediate supervisor.

13.     Deny each and every allegation contained in paragraph 13.

14.     Deny each and every allegation contained in paragraph 14.

15.     Deny each and every allegation contained in paragraph 15, except deny knowledge and information sufficient to form a belief regarding when Lana Arus allegedly had a appointment with her physician.

16.    Deny each and every allegation contained in paragraph 16.

17.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 17.

18.    Deny each and every allegation contained in paragraph 18, except admit that Lana Arus sent what she alleged to be a doctor's note, which has been inaccurately quoted in the Complaint.

19.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 19.

20.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 20.

21.    Deny each and every allegation contained in paragraph 21.

22.    Deny each and every allegation contained in paragraph 22.

23.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 23.

24.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 24.

25.    Deny each and every allegation contained in paragraph 25.

26.    Deny each and every allegation contained in paragraph 26, except admit that counsel for Cole Systems dispatched a letter dated November 5, 2005, and these answering defendants refer the court to the document for the complete terms and proper context thereof.

27.    Deny each and every allegation contained in paragraph 27.

28.    Deny each and every allegation contained in paragraph 28.

29.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 29.

30.    Deny each and every allegation contained in paragraph 30.

31.    Deny each and every allegation contained in paragraph 31.

32.    Deny each and every allegation contained in paragraph 32.

33.    In response to paragraph 33, these answering defendants repeat the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-32.

34.    Deny each and every allegation contained in paragraph 34.

35.    Deny each and every allegation contained in paragraph 35.

36.    In response to paragraph 36, these answering defendants repeat the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-35.

37.    Deny each and every allegation contained in paragraph 37.

38.    Deny each and every allegation contained in paragraph 38.

39.    In response to paragraph 39, these answering defendants repeat the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-38.

40.    Deny each and every allegation contained in paragraph 40.

41.    Deny each and every allegation contained in paragraph 41.

42.    Deny each and every allegation contained in paragraph 42.

43.    In response to paragraph 43, these answering defendants repeat the

corresponding admissions, averments, and denials pleaded in response to paragraphs 1-42.

44.    Deny each and every allegation contained in paragraph 44.

45.    Deny each and every allegation contained in paragraph 45.

## FIRST AFFIRMATIVE DEFENSE

46.    The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

47.    Cole Systems has fewer than 50 employees, has not had 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, and therefore is not subject to the Family and Medical Leave Act.

## THIRD AFFIRMATIVE DEFENSE

48.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or filing periods.

## FOURTH AFFIRMATIVE DEFENSE

49.    Plaintiff's claims are barred, in whole or in part, because she suffered no tangible employment action in connection with any of the circumstances relevant to this lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

50.    At all times, defendants exercised reasonable care to prevent and correct promptly unlawful discriminatory behavior, if any; and plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Cole Systems or to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

51.    Punitive damages are inappropriate because defendants' conduct did not rise to the level of culpability that would justify an award of such damages.

## SEVENTH AFFIRMATIVE DEFENSE

52.    Defendants' actions with respect to plaintiff were taken for legitimate, nondiscriminatory, non-prohibited reasons or for good cause.

## EIGHTH AFFIRMATIVE DEFENSE

53.    For the sake of argument, even if an impermissible consideration may have affected any decision regarding plaintiff, the employment decision about which plaintiff complains would have been taken in any event for legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

54.    The claims contained in the Complaint are barred under Title VII as to any matters not contained in an administrative charge of discrimination.

## TENTH AFFIRMATIVE DEFENSE

55.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

56.    Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Human Rights Law.

## TWELFTH AFFIRMATIVE DEFENSE

57.    To the extent plaintiff has failed to mitigate some or all of her alleged damages, she is not entitled to relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

58.     The Complaint is barred, in whole or in part, by virtue of the fact that any action taken by defendants concerning plaintiff was job-related and consistent with legitimate business necessity.

WHEREFORE, these answering defendants demand judgment against plaintiff dismissing the Complaint in its entirety; awarding to these answering defendants their costs and disbursements of this action, including reasonable counsel fees; and granting to these answering defendants such other, further, and different relief the court deems just and proper.

Dated: New York, New York
       June 2, 2008

PETER M. LEVINE (PML-7630)
Attorney for Defendants
Cole Systems Associates, Inc.,
       Ivan Cole, and Ross Riviere
420 Lexington Avenue, Suite 2620
New York, New York 10170
212-599-0009

7

## AFFIRMATION OF SERVICE BY MAIL

PETER M. LEVINE,  being duly admitted to practice law before the courts of the

State of New York, affirms the following under penalty of perjury:

I am not a party to the action, am over 18 years of age and reside in Westchester, NY

On June 2, 2008, I served a true copy of the annexed

## ANSWER

in the following manner:  by mailing the same in a sealed envelope, with postage prepaid

thereon, via FIRST CLASS MAIL in a post-office or official depository of the U.S. Postal

Service within the State of New York, addressed to the last known addressees as indicated

below:

Bradford D. Conover, Esq.
Conover Law Offices
75 Rockefeller Plaza (20th Fl.)
New York, New York 10019

Dated: New York, New York
       June 2, 2008

_____
Peter M. Levine