UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LANA ARUS,                                                              08 CV 3899 (TPG)

                Plaintiff,                                       **ANSWER**

-against-

COLE SYSTEMS ASSOCIATES, INC., IVAN COLE,
AL MARTINEZ, and ROSS RIVIERE,

                Defendants.
------------------------------------------------------------------X

      Defendant Al Martinez through his attorneys, Peluso & Touger, LLP, for his Answer to the Complaint, states:

      1.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 1.

      2.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 2.

      3.    Deny each and every allegation contained in paragraph 3, except admit that Cole Systems Associates, Inc. maintains a place of business at 174 Hudson Street, New York, New York 10013 and that Al Martinez was an employee of Cole Systems, at that location.

      4.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 4.

      5.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 5.

      6.    Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 6.

7. Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 7.

8. Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 8.

9. Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 9, except admit that Al Martinez was once employed by Cole Systems and also admit, that while so employed maintained a residence in the State of New York.

10. Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 10.

11. Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 11.

12. Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 12, except admit that while Lana Arus was employed by Cole Systems, Al Martinez was her immediate supervisor.

13. Deny each and every allegation contained in paragraph 13.

14. Deny each and every allegation contained in paragraph 14.

15. Deny each and every allegation contained in paragraph 15, except deny knowledge and information sufficient to form a belief regarding when Lana Arus allegedly had an appointment with her physician.

16. Deny each and every allegation contained in paragraph 16.

17. Deny allegations contained in paragraph 17 except to admit that Martinez requested a doctor's note.

18. Deny each and every allegation contained in paragraph 18, except admit that Lana Arus sent what she alleged to be a doctor's note, which has been inaccurately quoted in the Complaint.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny knowledge and information sufficient to form a belief regarding the allegations in paragraph 21.

22. Deny knowledge and information sufficient to form a belief regarding the allegations in paragraph 22.

23. Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 23.

24. Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 24.

25. Deny each and every allegation contained in paragraph 25.

26. Deny knowledge and information sufficient to form a belief regarding the allegations in paragraph 26.

27. Deny each and every allegation contained in paragraph 27.

28. Deny each and every allegation contained in paragraph 28.

29. Deny knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 29.

30. Deny each and every allegation contained in paragraph 30.

31. Deny each and every allegation contained in paragraph 31.

32. Deny each and every allegation contained in paragraph 32.

33. In response to paragraph 33, this answering defendant repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-32.

34. Deny each and every allegation contained in paragraph 34.

35. Deny each and every allegation contained in paragraph 35.

36. In response to paragraph 36, this answering defendant repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-35.

37. Deny each and every allegation contained in paragraph 37.

38. Deny each and every allegation contained in paragraph 38.

39. In response to paragraph 39, this answering defendant repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-38.

40. Deny each and every allegation contained in paragraph 40.

41. Deny each and every allegation contained in paragraph 41.

42. Deny each and every allegation contained in paragraph 42.

43. In response to paragraph 43, this answering defendant repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 1-42.

44. Deny each and every allegation contained in paragraph 44.

45. Deny each and every allegation contained in paragraph 45.

## FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

47. Cole Systems has fewer than 50 employees, has not had 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, and therefore is not subject to the Family and Medical Leave Act.

## THIRD AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or filing periods.

## FOURTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred, in whole or in part, because she suffered no tangible employment action in connection with any of the circumstances relevant to this lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

50. At all times, defendant exercised reasonable care to prevent and correct promptly unlawful discriminatory behavior, if any; and plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Cole Systems or to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

51. Punitive damages are inappropriate because defendant's conduct did not rise to the level of culpability that would justify an award of such damages.

## SEVENTH AFFIRMATIVE DEFENSE

52. Defendant's actions with respect to plaintiff were taken for legitimate, nondiscriminatory, non-prohibited reasons or for good cause.

EIGHTH AFFIRMATIVE DEFENSE

53. For the sake of argument, even if an impermissible consideration may have affected any decision regarding plaintiff, the employment decision about which plaintiff complains would have been taken in any event for legitimate, non-discriminatory reasons.

NINTH AFFIRMATIVE DEFENSE

54. The claims contained in the Complaint are barred under Title VII as to any matters not contained in an administrative charge of discrimination.

TENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

ELEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Human Rights Law.

TWELFTH AFFIRMATIVE DEFENSE

57. To the extent plaintiff has failed to mitigate some or all of her alleged damages, she is not entitled to relief.

THIRTEENTH AFFIRMATIVE DEFENSE

58. The Complaint is barred, in whole or in part, by virtue of the fact that any action taken by defendant concerning plaintiff was job-related and consistent with legitimate business necessity.

WHEREFORE, these answering defendant demands judgment against plaintiff dismissing the Complaint in its entirety; awarding to this answering defendant his costs and

disbursements of this action, including reasonable counsel fees; and granting the defendant such other, further, and different relief the court deems just and proper.

Dated: New York, New York
      August 27, 2008

                                              Carl T. Peluso (CTP 7939)
                                              Peluso & Touger, LLP
                                              Attorneys for Defendant- Al Martinez
                                              70 Lafayette Street
                                              New York, New York 10013
                                              (212) 6608-1234